**LimNexus LLP**
Pio S. Kim (CA Bar No. 156679)
    pio.kim@limnexus.com
Alexander Su (CA Bar No. 297869)
    alexander.su@limnexus.com
1055 West Seventh Street, 28th Floor
Los Angeles, California 90017
Phone: (213) 955-9500
Fax: (213) 955-9511

Attorneys for Claimant Gail Choi

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $3,168,400.00 IN U.S. CURRENCY, $489,900.00 IN U.S. CURRENCY FROM A SAFE DEPOSIT BOX AT WILSHIRE STATE BANK, $200,000.00 IN U.S. CURRENCY FROM A SAFE DEPOSIT BOX AT BANK OF AMERICA, $138,401.14 IN BANK FUNDS FROM WILSHIRE STATE BANK, 72 GOLD BARS, AND 184 ASSORTED COINS, <br><br> Defendants. | Case No. CV 17-05766-PA (AFMx) <br><br> **CLAIMANT GAIL CHOI'S REPLY IN SUPPORT OF MOTION TO DISMISS VERIFIED COMPLAINT** <br><br> Judge:      Hon. Percy Anderson <br> Date:       December 4, 2017 <br> Time:       1:30 p.m. <br> Courtroom:  9A |

{01165661}

1

**REPLY IN SUPPORT OF MOTION TO DISMISS**

# REPLY

## I. INTRODUCTION

In the events leading up to this civil action, a DEA Task Force intercepted a man, Gilbert Jaregui ("Jaregui") (known only to the drug cartel and the DEA as a drug courier) when he attempted to make a $100,000 cash delivery to Claimant's residence. That particular delivery consisted of drug proceeds. Agents arrested Jaregui and seized that $100,000 from him.

Later, the agents returned to execute a search warrant of Claimant Gail Choi's home. Agents brought along a canine, which alerted to the scent of drugs around a storage safe. Inside, the agents found and seized Defendant Assets $3,168,400 in cash, 72 gold bars, and 184 assorted coins, all located in a safe in a storage room. During the search, the agents also found bank statements. The agents then seized Defendant Assets $489,000 from a safe deposit box at Wilshire State Bank, $200,000 from a safe deposit box at Bank of America, and $138,401.14 in bank funds from Wilshire State Bank.

Lacking adequate allegations to state a proper claim for forfeiture, the Government lowers the applicable standards regarding pleading and drawing of inferences. The Government also misdirects the Court's attention to the conduct of Jaregui and Claimant in a single transaction and makes a host of unwarranted assumptions to leap to the conclusion that all of her assets are forfeitable. But, the proper focus of inquiry is on the Defendant Assets themselves, and their involvement, if any, in unlawful activity. And, the Government fails to make any such allegations.

## II. ARGUMENT

### A. The Proper Pleading Standard Goes Beyond Notice Pleading And Requires Sufficiently Detailed Facts To Support A Reasonable Belief That The Defendant Assets Are Subject To Forfeiture.

{01165661}

2

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Federal Rules of Civil Procedure, Supplemental Rule G(2)(f) requires "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Few courts have interpreted this standard. The only source, which the Government relies upon, comes from advisory committee notes stating that the current statute is meant to codify case law that interpreted the predecessor statute, Supplemental Rule E(2)(a). The pleading standard from that predecessor statute, as *Aguilar* notes and the Government contends, is not "an onerous standard," but a rather "low bar" in that a Complaint must state facts with particularity so that claimants can commence "a meaningful investigation of the facts…**and** [it] permits a reasonable belief that the property is subject to forfeiture." *United States v. Aguilar*, 782 F.3d 1101, 1108-09 (9th Cir. 2015) (emphasis added).

Claimant wholeheartedly embraces this standard. The Court of Appeals for the Ninth Circuit has held that such pleading is a higher standard than notice pleading. *United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1068 (9th Cir. 1994) ("These rules abandon the concept of notice pleading."). The Government is wrong in contending the very opposite, that the pleading standard "is essentially a notice provision." Opp. at 8:11.

### B. A "Reasonable Belief" Means Only Reasonable Inferences.

The Government ignores a critical component of drawing an inference—reasonableness. See *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210, 1220 (10th Cir. 1986) (affirming dismissal on grounds that allegations failed to assert specific facts so as to support reasonable inference that property was forfeitable).

A "reasonable" inference that Defendant Assets are forfeitable because they are proceeds of or were involved in drug transactions, money laundering, and/or an illegal money transmitting business, requires more facts than the Government alleges in the Complaint.

Here, the Government fails to address the Complaint's defects regarding the Defendant Assets. Specifically, there are **zero** allegations regarding how each of the

gold bars, coins, and money from safe deposit boxes and bank accounts are tied to any unlawful activity. But somehow, the Government argues that one unrelated transaction (Jaregui's seized delivery) permits the drawing of the requisite inference. This "unspecified conduct neither give[s] a claimant a reasonable starting point from which to initiate a meaningful investigation nor permit[s] a responsive pleading that can address identities, quantities, locations, or dates of an alleged offense. These unsupported and conclusory allegations do not meet any definition of the word 'particularity.'…The allegation is so overbroad as to be meaningless." *$39,000 in Canadian Currency*, 801 F.2d at 1220-21.

The Government's main point is that Claimant is a member of the Black Market Peso Exchange. Drawing this inference requires a host of assumptions not found in the Complaint:

1. Every Mexican individual who delivered money to Claimant was a drug money courier (because the individual was a Mexican delivering cash);
2. All cash delivered to Claimant constituted drug proceeds, even though Claimant had an import-export business;
3. For the last 20 years, Claimant's business did nothing but launder money even though the Government fails to mention anything about the business other than that it is an import-export business;
4. The gold bars, assorted coins, and money seized from the safe deposit boxes and bank account are drug proceeds or were involved in money laundering or an illegal money transmitting business even though there are no allegations whatsoever about how they were obtained, when they were obtained, where they came from, etc.; and
5. The dog hit to the safe meant everything in the safe was drug-related.

The Opposition also adds additional facts to make its inferences appear reasonable: the cartel trusted Claimant for years to launder money; she was a sophisticated business woman operating an international import-export business

between Los Angeles and Mexico; Claimant collected "hefty fees for laundering large loads of drug-trafficking cash;" and the arbitrage between wholesale and retail left Claimant with profit retention to then somehow be used to close the loop in the Black Market Peso Exchange scheme. Opposition at 15-16. But these allegations are not in the Complaint. Thus, they cannot now be used to alter a reasonable inference.

### 1. The Government Misapplies the Tracing Requirement

The Government collapses the tracing standard distinction between tracing to a specific transaction versus unlawful activity. Opposition at 10. The cases the Government cites in footnote 5 of its Opposition involve instances where other facts indicated a strong nexus to unlawful activity, but not to a specific and particularly identified item of transaction. Claimant's argument is not that the Government must specifically trace each of the Defendants, especially the $3,168,400 in cash found in the safe, to certain particularly identifiable unlawful transactions. Rather, her argument is that the Government makes no real connection to **any** unlawful activity.

DATED: November 20, 2017				LIMNEXUS, LLP

							BY: /s/Pio S. Kim_____
							     Pio S. Kim, Esq.
							     Alexander Su, Esq.
							     Attorneys for Claimant

{01165661}