1  **LimNexus LLP**
   Pio S. Kim (CA Bar # 156679)
2       pio.kim@limnexus.com
   Alexander Su (CA Bar # 297869)
3       alexander.su@limnexus.com
   1055 West Seventh Street, 28th Floor
4  Los Angeles, California 90017
   Phone: (213) 955-9500 | Fax: (213) 955-9511
5
   Attorneys for Claimant,
6  Gail Choi

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                          **WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV 17-05766-PA (AFMx) |
| Plaintiff, | **CLAIMANT GAIL CHOI'S ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE; DEMAND FOR JURY TRIAL** |
| v. | |
| $3,168,400.00 IN U.S. CURRENCY, $489,000.00 IN U.S. CURRENCY FROM A SAFE DEPOSIT BOX AT WILSHIRE STATE BANK, $200,000.00 IN U.S. CURRENCY FROM A SAFE DEPOSIT BOX AT BANK OF AMERICA, $138,401.14 IN BANK FUNDS FROM WILSHIRE STATE BANK, 72 GOLD BARS, AND 184 ASSORTED COINS, | |
| Defendants. | |

{01172647}
**CLAIMANT GAIL CHOI'S ANSWER TO VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

TO ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

Claimant Gail Choi ("Claimant") admits, denies, and alleges as follows in answer to the verified complaint ("Complaint") of plaintiff United States of America:

### JURISDICTION AND VENUE

1. Admit.

2. Claimant admits that this Court has original jurisdiction over civil actions commenced by the United States. Claimant denies that this Court has jurisdiction over this action for civil forfeiture.

3. Admit.

### PERSONS AND ENTITIES

4. Admit.

5. Claimant admits that Defendants Assets are as described and were seized by agents conducting searches at her residence in Los Angeles County, safe deposit boxes at Bank of America and Wilshire State Bank as well as bank account at Wilshire State Bank. Claimant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph of the Complaint and thus, must deny.

6. Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

7. Admit.

### EVIDENCE SUPPORTING FORFEITURE

8. Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

9. Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

10. Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

11. Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

12. Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

13. Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

14. Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

15. Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

16. Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

17. Claimant admits that she had contact with an individual regarding the location and time of his delivery to her residence. Claimant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph of the Complaint and thus, must deny.

18. Claimant admits that she intended to meet an individual in front of her residence and encountered agents outside her residence, where she was detained. Claimant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph of the Complaint and thus, must deny.

19. Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

20. Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

21. Claimant admits that agents searched her residence. Claimant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph of the Complaint and thus, must deny.

```
```

22. Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

23. Claimant does not know what Jaregui told agents. So, Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

24. Claimant does not know what Jaregui told agents. So, Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

25. Claimant does not know what Jaregui told agents. So, Claimant lacks knowledge or information sufficient to form a belief about the truth of all the allegations in this Paragraph of the Complaint and thus, must deny.

26. Claimant does not recall saying that her daughter told her to meet with an individual to receive money but does not deny that she might have said it. Claimant denies other allegations,

27. Claimant denies the allegations.

28. Claimant admits that the arrest of the individual by agents made the nature of the currency held by him appear suspicious. Claimant denies the other allegations.

29. Claimant admits that agents searched the residence, and found a safe in a bedroom that appeared to be used for storage. Claimant further admits that agents found and seized $3,168,400 in U.S. currency, 184 assorted valuable coins, and 72 gold bars from that safe. Claimant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph of the Complaint and thus, must deny.

30. Claimant denies the allegations.

31. Admit.

32. Claimant admits that agents seized $489,900 in U.S. currency from a safe deposit box at Wilshire State Bank, $200,000 in U.S. currency from a safe deposit box at Bank of America, and $138,401.14 in bank funds from Wilshire State Bank.

Claimant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph of the Complaint and thus, must deny.

## CLAIMS FOR RELIEF

33. Deny.

34. Deny.

35. Deny.

## FIRST AFFIRMATIVE DEFENSE

### Innocent Owner

36. Claimant is an innocent owner per 18 U.S.C. § 983(d). She had no reason to know or reasonably suspect that any of the Defendant Assets were involved in or traceable to proceeds of drug trafficking, money laundering in support of drug trafficking, or involved in an unlicensed money transmission. Nor has Claimant ever consented to the illegal activity. Additionally, in instances where Claimant acquired her property interest after the alleged illegal activity, she was a bona fide purchaser for value and, again, did not know or was reasonably without cause to believe that the Defendant Asset in question was subject to forfeiture. Claimant has been wrongly profiled as being part of the Black Market Peso Exchange, simply because she is an Asian woman who had contact with a Latino man identified as sometimes working for the drug cartels.

## SECOND AFFIRMATIVE DEFENSE

### Excessive Fine In Violation Of The Eighth Amendment

37. The forfeiture of the Defendant Assets is grossly disproportional to the offense within the requirements of 18 U.S.C. § 983(g)(4), so as to avoid a violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution. The Government correctly identified the $100,000 in Jaregui's possession as being drug proceeds. Those moneys were forfeitable. To now seek, on that same basis, the forfeiture of Defendant Assets is grossly disproportional. This is especially so when the Government's allegations concern cash, not any assorted coins, or gold bars, or

money held in bank safe deposit boxes, or bank accounts. Claimant will show that these valuables were obtained through legitimate means: primarily an import-export business.

### THIRD AFFIRMATIVE DEFENSE
### Unlawful Search and Seizure

38. Agents lacked probable cause to search Claimant Choi's residence when they entered her premises without a warrant and without Claimant Choi's consent. Agents later engaged in an unlawful seizure of the Defendant Assets from Choi's residence in that they lacked probable cause to seize the Defendant Assets found in the safe. The alert by the dog, in and of itself, is inadequate to establish probable cause for the seizure of all items from the safe.

39. Additionally, agents lacked probable cause to seize the bank statements and safe deposit box keys and the Defendant Assets located in bank safe deposit boxes and in a bank account. Those Defendant Assets were seized merely because of ownership or possession by Claimant, not because probable cause exists for their involvement in any criminal activity.

### FOURTH AFFIRMATIVE DEFENSE
### Lack Of Subject Matter Jurisdiction

40. The Court lacks subject matter jurisdiction over this matter for civil forfeiture, under 28 U.S.C. § 1355.

### FIFTH AFFIRMATIVE DEFENSE
### Lack Of *In Rem*/Personal Jurisdiction

41. The Court lacks *in rem*/personal jurisdiction over Defendant Assets. .

### SIXTH AFFIRMATIVE DEFENSE
### Unlawful Detention Of Claimant

42. After Jaregui had been detained, agents unlawfully detained and questioned Claimant .

## SEVENTH AFFIRMATIVE DEFENSE

### Violation Of Civil Rights Of Claimant

43.  Claimant has been wrongly profiled as being part of the Black Market Peso Exchange, simply because she is an Asian woman who allegedly had contact with a Latino man identified as sometimes working for the drug cartels. When combined with her unlawful detention, search, and seizure by agents, Claimant's civil rights have been doubly violated now that the Government seeks to forfeit her assets.

WHEREFORE, Claimant prays for relief as follows:

1. That Plaintiff takes nothing and be afforded no relief in this action;
2. That Defendant Assets be transferred to Claimant;
3. For costs and attorneys' fees incurred herein; and
4. For other such relief as the court deems just.

DATED: 12-20-17

LIMNEXUS, LLP

BY: _/s/ Pio S. Kim_
Pio S. Kim, Esq.
Alexander Su, Esq.
Attorneys for Claimant


# DEMAND FOR JURY TRIAL

Claimant hereby demands trial by jury in this action.

DATED: 12-20-17

LimNexus LLP

BY: _____
Pio S. Kim, Esq.
Alexander Su, Esq.
Attorneys for Claimant